UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

     v.                         CASE NO. 8:22-cr-259-WFJ-AEP

OMALI YESHITELA
    a/k/a "Joseph Waller,"
PENNY JOANNE HESS,
JESSE NEVEL,
    a/k/a "Jesse Nevelsky," and
AUGUSTUS C. ROMAIN, JR.,
    a/k/a "Gazi Kodzo"

## UNITED STATES' MOTION FOR APPOINTMENT OF A CLASSIFIED INFORMATION SECURITY OFFICER

The United States of America, by and through the undersigned Assistant United States Attorney, hereby apprises the Court of the applicability of the Classified Information Procedures Act, 18 U.S.C. App. III (CIPA), to matters relating to classified information that may arise in connection with the instant case, both before and during trial, and moves the Court for an Order designating a Classified Information Security Officer (CISO) to assist the Court and Court personnel in the handling of any motions pursuant to CIPA and implementing any orders relating to the matter. In support of its motion, the government submits the following memorandum of law to provide the Court with a detailed description of the procedures mandated by CIPA for protecting classified information. A proposed order designating a CISO will be filed with this motion.

# I.   OVERVIEW OF CIPA

CIPA contains a set of procedures by which federal district courts rule on pretrial matters concerning the discovery, admissibility, and use of classified information in criminal cases. *See United States v. Baptista-Rodriguez*, 17 F.3d 1354, 1363 (11th Cir. 1994). CIPA's fundamental purpose is to "harmonize a defendant's right to obtain and present exculpatory material [at] trial and the government's right to protect classified material in the national interest." *United States v. Pappas*, 94 F.3d 795, 799 (2d Cir. 1996). It "evidence[s] Congress's intent to protect classified information from unnecessary disclosure at any stage of a criminal trial." *United States v. Apperson*, 441 F.3d 1162, 1193 n.8 (10th Cir. 2006).

The Supreme Court has acknowledged the importance of protecting the nation's secrets from disclosure: "The Government has a compelling interest in protecting both the secrecy of information important to our national security and the appearance of confidentiality so essential to the effective operation of our foreign intelligence service." *CIA v. Sims*, 471 U.S. 159, 175 (1985) (*quoting Snepp v. United States*, 444 U.S. 507, 509 n.3 (1980)); *accord Chicago & Southern Air Lines, Inc. v. Waterman S.S. Corp.*, 333 U.S. 103, 111 (1948) ("The [executive branch] has available intelligence services whose reports are not and ought not to be published to the world."). Accordingly, federal courts have long recognized that "[i]t is not in the national interest for revelation of either the existence or the product of [foreign intelligence operations and information] to extend beyond the narrowest

2

limits compatible with the assurance that no injustice is done to the criminal defendant." *United States v. Lemonakis*, 485 F.2d 941, 963 (D.C. Cir. 1973).

CIPA neither creates any new right of discovery nor expands the rules governing the admissibility of evidence. *See United States v. Johnson*, 139 F.3d 1359, 1365 (11th Cir. 1998) ("CIPA has no substantive impact on the admissibility or relevance of probative evidence."), *reh'g denied,* 149 F.3d 1197 (11th Cir. 1998); *accord see United States v. Dumeisi*, 424 F.3d 566, 578 (7th Cir. 2005) ("CIPA does not create any discovery rights for the defendant."); *United States v. Smith*, 780 F.2d 1102, 1106 (4th Cir. 1985) (en banc). Rather, CIPA applies preexisting general discovery law in criminal cases to classified information and restricts discovery of classified information to protect the government's national security interests. *See Baptista-Rodriguez*, 17 F.3d at 1363-64; *United States v. Klimavicius-Viloria*, 144 F.3d 1249, 1261 (9th Cir. 1998); *United States v. Yunis*, 867 F.2d 617, 621 (D.C. Cir. 1989). Accordingly, CIPA does not "expand the traditional rules of discovery under which the government is not required to provide criminal defendants with information that is neither exculpatory nor, in some way, helpful to the defense." *United States v. Varca*, 896 F.2d 900, 905 (5th Cir.), *reh'g denied*, 901 F.2d 1110 (5th Cir.); *accord United States v. McVeigh*, 923 F. Supp. 1310, 1314 (D. Colo. 1996) ("CIPA does not enlarge the scope of discovery or of *Brady*."). Nor does it provide that the admissibility of classified information be governed by anything other than the well-established

3

standards set forth in the Federal Rules of Evidence. *See Baptista-Rodriguez*, 17

F.3d at 1364.

### A.     Section 1 - Definitions

For the purposes of CIPA, "classified information" includes any

information or material that has been determined by the United States

Government pursuant to law or regulation to require protection against

unauthorized disclosure for reasons of national security. 18 U.S.C. App. III

§ 1(a). "National security" means the national defense and foreign relations of the

United States. *Id.* § 1(b). CIPA applies equally to classified testimony and

classified documents. *See United States v. Lee*, 90 F. Supp. 2d 1324, 1326 n.1

(D.N.M. 2000) (*citing United States v. North*, 708 F. Supp. 399, 399-400 (D.D.C.

1988)); *Kasi v. Angelone*, 200 F. Supp. 2d 585, 596-97 (E.D. Va. 2002) (applying

CIPA to classified testimony).

### B.     Section 2 - Pretrial Conference

Section 2 of CIPA authorizes the district court, upon motion by any party

or at its own discretion, to hold a pretrial conference "to consider matters relating

to classified information that may arise in connection with the prosecution." 18

U.S.C. App. III § 2. Following such a motion, the court shall promptly hold the

pretrial conference to establish: (1) the timing of requests for discovery by the

defense; (2) the provision of the requisite written pretrial notice to the United

States of the defendant's intent to disclose classified information, pursuant to

Section 5 of CIPA; and (3) the initiation of hearings concerning the use, relevance, and admissibility of classified information pursuant to Section 6 of CIPA. *Id.* In addition, the court may consider any matters that relate to classified information or that may promote a fair and expeditious trial. *Id.* No substantive issues concerning the use of classified information are to be decided in a Section 2 pretrial conference. *See* S. Rep. No. 96-823, at 5-6, *reprinted in* 1980 U.S.C.C.A.N. 4294, 4298-99 (96th Cong. 2d Sess.).

To foster open discussions at the pretrial conference, Section 2 provides that no admission made by the defendant or his attorney at the pretrial conference may be used against the defendant unless the admission is in writing and signed by both the defendant and his attorney. 18 U.S.C. App. III § 2.

## C.    Section 3 - Protective Order

Section 3 of CIPA mandates that the district court issue a protective order upon motion by the United States to protect against the disclosure of any classified information that is disclosed by the government to a defendant. *Id.* § 3. Section 3 was intended "to codify the well-established practice, based on the inherent authority of federal courts, to issue protective orders," *Pappas*, 94 F.3d at 801, as well as to supplement the district court's authority under Rule 16(d)(1) to issue protective orders in connection with the discovery process.[1]  In contrast to

---

[1]  Rule 16(d)(1) provides in relevant part that "at any time the court may, for good cause, deny, restrict or defer discovery or inspection, or grant other appropriate relief."

Rule 16(d)(1)'s discretionary authority, however, Section 3 "makes it clear that protective orders are to be issued, if requested, whenever the government discloses classified information to a defendant in connection with a prosecution" where such disclosure of classified information is necessary. *Id.*

### D.  Section 4 - Protection of Classified Information During Discovery

Section 4 of CIPA provides a procedural mechanism to protect classified information, sources, and methods, while simultaneously ensuring that the government is able to satisfy its discovery obligations. CIPA does not create any new right of discovery or expand the rules governing the admissibility of evidence. *United States v. El-Mezain*, 664 F.3d 467, 520 (5th Cir. 2011); *see Dumeisi*, 424 F.3d at 578 ("CIPA does not create any discovery rights for the defendant."); *United States v. Johnson*, 139 F.3d 1359, 1365 (11th Cir. 1998) ("CIPA has no substantive impact on the admissibility or relevance of probative evidence."); *Smith*, 780 F.2d at 1106 ("The legislative history is clear that Congress did not intend to alter the existing law governing the admissibility of evidence.").[2] Rather, CIPA applies preexisting general discovery law in criminal cases to classified information and restricts discovery of such information to protect the

---

[2] *Smith* adopted the "relevant and helpful" standard discussed herein in the context of CIPA Section 6 determinations regarding the use, relevance, and admissibility of classified information. Other courts have since applied a similar standard to discovery of classified information under CIPA Section 4. *See, e.g.*, *United States v. Amawi*, 695 F.3d 457, 469-70 (6th Cir. 2012); *United States v. Yunis*, 867 F.2d 617, 623-25 (D.C. Cir. 1989); *United States v. Drake*, 2011 WL 2175007, at *6 (D. Md. 2011) (unreported case).

government's national security interests. *United States v. Klimavicius-Viloria*, 144 F.3d 1249, 1261 (9th Cir. 1998); *Baptista-Rodriguez*, 17 F.3d at 1363-64; *Yunis*, 867 F.2d at 621.

CIPA thus does not, and was not intended to, "expand the traditional rules of discovery under which the government is not required to provide criminal defendants with information that is neither exculpatory nor, in some way, helpful to the defense." *United States v. Varca*, 896 F.2d 900, 905 (5th Cir. 1990) (emphasis added); *see United States v. McVeigh*, 923 F. Supp. 1310, 1314 (D. Colo. 1996) ("CIPA does not enlarge the scope of discovery or of *Brady*."); *see also Abu Ali*, 528 F.3d at 247. Nor does CIPA provide that the admissibility of classified information be governed by anything other than the "well-established standards set forth in the Federal Rules of Evidence." *Baptista-Rodriguez*, 17 F.3d at 1364 (citations omitted); *see also United States v. Khan*, 794 F.3d 1288, 1303 n.15 (11th Cir. 2015) ("CIPA does not alter the machinery of evidence law.").

Accordingly, pursuant to Section 4, district courts have the opportunity to assess whether, and the extent to which, specified items of classified information should be disclosed. Specifically, Section 4 provides that "[t]he court, upon a sufficient showing, may authorize the United States to delete specified items of classified information from documents to be made available to the defendant through discovery under the Federal Rules of Criminal Procedure, to substitute a summary of the information for such classified documents, or to substitute a

statement admitting the relevant facts that classified information would tend to prove." 18 U.S.C. App. III § 4; *see also United States v. Sedaghaty*, 728 F.3d 885, 904 (9th Cir. 2013); *United States v. Rezaq*, 134 F.3d 1121, 1142 (D.C. Cir. 1998).

Similar to Federal Rule of Criminal Procedure 16(d)(1), which gives the district court the authority to "deny, restrict, or defer discovery or inspection, or grant other appropriate relief" for "good cause," Section 4 of CIPA authorizes the district court "upon a sufficient showing" to deny, or otherwise restrict, discovery by the defendant of classified documents and information belonging to the United States. 18 U.S.C. App. III § 4; s*ee, e.g., Rezaq*, 134 F.3d at 1142; *Yunis*, 867 F.2d at 619-25. The legislative history of CIPA makes clear that Section 4 was intended to simply clarify the district court's power under Rule 16(d)(1) to deny or restrict discovery in order to protect national security. *See* S. Rep. No. 96-823, at 6, 1980 U.S.C.C.A.N. at 4299-4300; *see also United States v. Aref*, 533 F.3d 72, 78-79 (2d Cir. 2008).

Thus, if the district court determines that the classified information is either not "relevant to the determination of the guilt or innocence of the defendant[]," or "helpful to the defense," or "essential to a fair determination of the cause," it is within its authority to withhold disclosure of the information. *Smith*, 780 F.2d at 1110 (quoting with approval *United States v. Pringle*, 751 F.2d 419, 428 (1st Cir. 1984), and holding that defendant's right to discovery must be balanced against public interest in nondisclosure); *see also Yunis*, 867 F.2d at 623 ("[A] defendant

seeking classified information . . . is entitled only to information that is at least 'helpful to the defense of [the] accused.'" (quoting *Roviaro*, 353 U.S. at 60-61)).

CIPA Section 4 also provides, similar to Rule 16(d)(1), that the government may demonstrate that the use of an alternative discovery procedure—such as deletion or substitution—is warranted. CIPA further specifically provides that the Government may make this showing *in camera* and *ex parte*. 18 U.S.C. App. III § 4; *see United States v. Campa*, 529 F.3d 980, 994-95 (11th Cir. 2008); *see also United States v. Mejia*, 448 F.3d 436, 457-58 & n.21 (D.C. Cir. 2006) (noting similarity to Federal Rule of Criminal Procedure 16(d)); *see generally United States v. Abu-Jihaad*, 630 F.3d 102, 140 (2d Cir. 2010); *Aref*, 533 F.3d at 81; *Yunis*, 867 F.2d at 622-23; *United States v. Sarkissian*, 841 F.2d 959, 965 (9th Cir. 1988); *Pringle*, 751 F.2d at 427.

A security clearance at a given level is not sufficient to entitle any individual to access or receive national security information classified at that level. Rather, in addition to receiving a clearance after a favorable determination of eligibility and execution of a non-disclosure agreement, an individual must have a "need to know" the classified information at issue. *See* Exec. Order 13526 § 4.1(a)(3). "Need to know" is defined as "a determination within the executive branch . . . that a prospective recipient requires access to specific classified information in order to perform or assist in a lawful and authorized governmental function." *Id.* § 6.1(dd). Accordingly, even if defense counsel hold appropriate

security clearances, it "does not mean that [they are] entitled to access the government's classified filings." *Sedaghaty*, 728 F.3d at 909. Likewise, while the defendant may be entitled to notice when the government initiates CIPA proceedings under Section 4 or 6, there is "no due process right to receive a description of materials in the government's possession that are not discoverable." *Id.* (citing *Mejia*, 448 F.3d at 458 (noting that, in the context of CIPA, as in other discovery in criminal cases, the defendant is "not entitled to access to any of the evidence reviewed by the court . . . to assist in his argument' that it should be disclosed")). Indeed, a district court considering a motion to withhold classified information "must first determine whether . . . the information at issue is discoverable at all." *Sedaghaty*, 728 F.3d at 904. Only if the information is discoverable must the court then examine whether it is also relevant and helpful to the defense. *Id.* A defendant, however, may be permitted to file his or her own *ex parte* submission outlining his or her theory of the defense to aid the court in the review of any classified materials. *See id.* at 906 n.10.

### E.     Section 5 – Notice of Defendant's Intention to Disclose Classified Information

Section 5 requires a defendant who intends to disclose, or cause the disclosure of, classified information to provide timely pretrial written notice of his or her intention to the court and the government. 18 U.S.C. App. III § 5(a). *See, e.g., Baptista-Rodriguez*, 17 F.3d at 1363; *United States v. Sarkissian*, 841 F.2d 959,

965-66 (9th Cir. 1988); *United States v. Collins*, 720 F.2d 1195, 1199-1200 (11th Cir. 1983). Section 5 requires the defendant to provide timely written notice to the court and the government describing any classified information that he reasonably expects to disclose. *See* 18 U.S.C. App. III § 5(a). This notice requirement applies to both documentary exhibits and oral testimony, regardless of whether the classified information is likely to be elicited on direct or cross-examination. *See United States v. Wilson*, 721 F.2d 967, 975-76 (4th Cir. 1983). Notification must take place "within the time specified by the court, or where no time is specified, within thirty days prior to trial." *Id.* Although the description of the classified information may be brief, it must be particularized and set forth the specific classified information that the defendant reasonably believes to be necessary to his defense. *See Collins*, 720 F.2d at 1199. The defendant must provide formal notice under Section 5 even if the government believes or knows that the defendant may assert a defense involving classified information. *See United States v. Badia*, 827 F.2d 1458, 1465-66 (11th Cir. 1987).

Section 5 specifically prohibits the defendant from disclosing any classified information in a trial or pretrial proceeding until (1) such notice has been given, (2) the government has had the opportunity to seek a determination from the court pursuant to Section 6 (see below), and (3) any appeal by the government under Section 7 has been decided or the time for filing an appeal has expired. 18 U.S.C. App. III § 5(a). If a defendant fails to provide a sufficiently detailed notice

far enough in advance of trial to permit the implementation of CIPA procedures, Section 5(b) authorizes the court to preclude disclosure of the classified information. *See id.* § 5(b); *Badia*, 827 F.2d at 1464-66 (upholding preclusion of disclosure of classified information at trial because defendant failed to comply with notice requirements of CIPA Section 5). Similarly, if the defendant attempts to disclose at trial classified information that is not described in his Section 5(a) notice, preclusion is the appropriate remedy under Section 5(b). *Smith*, 780 F.2d at 1105 ("A defendant is forbidden from disclosing any such information absent the giving of notice."); *United States v. Hashmi*, 621 F. Supp. 2d 76, 81 (S.D.N.Y. 2008).

### F.    Section 6- Procedure for Cases Involving Classified Information

After the defendant files the requisite notice, the government may under Section 6(a) request a hearing at which the court will make "all determinations concerning the use, relevance or admissibility" of the proposed defense evidence. 18 U.S.C. App. III § 6(a). Upon such a request, the court shall conduct a hearing. *Id.* Such hearing shall be conducted *in camera* if the Attorney General certifies to the court that a public proceeding may result in the disclosure of classified information. *Id.* Prior to the hearing, the government must first provide the defendant with notice of the classified information that will be at issue. *Id.* § 6(b)(1). If the particular information was not previously available to the defendant, the government may, with the court's approval, provide a generic

description of the material to the defendant. *Id.* The court may also, upon request of the defendant, order the government to provide the defendant prior to trial "such details as to the portion of the indictment or information at issue in the hearing as are needed to give the defendant fair notice to prepare for the hearing." *Id.* § 6(b)(2).

If the government requests a hearing before the proceeding at which the defendant expects to disclose the classified information, the court must issue a ruling before the proceeding commences. *Id.* § 6(a). The court's ruling should be in writing and should set forth the basis for its determination as to each item of classified information. *Id.*

If, after an *in camera* hearing, the court determines that the classified information at issue may not be disclosed or elicited during the proceeding, the record of the hearing must be sealed and preserved for use in the event of an appeal. *Id.* § 6(d). If the court finds the classified evidence may be disclosed or elicited, the government may move for, and the court may authorize: (1) the substitution of a statement admitting relevant facts that the specific classified information would tend to prove, or (2) the substitution of a summary of the classified information. *Id.* § 6(c)(1).

If the court denies the government's motion for substitution under Section 6(c), CIPA permits the government, by affidavit from the Attorney General, to object to the disclosure of the classified information at issue. *Id.* § 6(e)(1). Upon

the government's filing of the Attorney General's affidavit, the court "shall order that the defendant not disclose or cause the disclosure of such information," *id.*, and may impose a sanction against the government to compensate for the defendant's inability to present proof of the specific item of classified information. *See* S. Rep. 96-823 at 9, 1980 U.S.C.C.A.N. at 4302-3. Section 6(e)(2) provides a sliding scale of possible sanctions, which include dismissal of specific counts, finding against the government on an issue to which the classified information related, striking or precluding testimony of a witness, or dismissing the indictment. 18 U.S.C. App. III § 6(e)(2). An order imposing a sanction shall not take effect until the government has the opportunity to appeal the order under Section 7 and thereafter withdraw its objection to the disclosure of the information. *Id.*

Whenever the court rules at a Section 6(a) hearing that classified information is admissible, the court must require the government to provide the defendant with information it expects to use to rebut the classified information "unless the interests of fairness do not so require." *Id.* § 6(f). The court may place the United States under a continuing duty to disclose rebuttal information. *Id.* If the government fails to comply, the court may exclude the rebuttal evidence and prohibit the government from examining any witness with respect to such information. *Id.*

### F.    Section 7 - Interlocutory Appeal

Section 7 permits the United States to take an interlocutory expedited appeal to the appellate court if the district court: (a) authorizes the disclosure of classified information; (b) imposes sanctions for nondisclosure of classified information; or (c) refuses to issue a protective order sought by the United States to prevent the disclosure of classified information. *Id.* § 7. If an appeal is taken, trial shall not commence, or must be adjourned if already commenced, until the appeal is resolved. *Id.* Such an appeal and decision does not affect the defendant's right to lodge a subsequent appeal upon conviction of an adverse ruling by the trial court. *Id.* § 7(b).

### G.    Section 8 - Procedures Governing the Introduction of Classified Information at Trial or at Pretrial Proceeding

Section 8 prescribes additional protections and procedures governing the introduction of classified information into evidence. *Id.* § 8. Specifically, Section 8(a) provides that classified documents may be admitted into evidence without changing their classification status. This provision allows the classifying agency, upon completion of the trial, to decide whether information has been so compromised that it could no longer be regarded as classified. *See* S. Rep. No. 96-823 at 10, 1980 U.S.C.C.A.N. at 4304.

Section 8(b) permits the court to order admission into evidence of only a part of a document when fairness does not require the whole document to be

considered.[3]  The purpose of this provision is to clarify Federal Rule of Evidence 106, known as the rule of completeness, in order to prevent unnecessary disclosure of classified information. *Id.* at 10-11, 1980 U.S.C.C.A.N. at 4304.

Section 8(c) provides a procedure to address the problem presented at a proceeding when the defendant's counsel asks a question or embarks on a line of inquiry that would require the witness to disclose classified information. *Id.* at 11, 1980 U.S.C.C.A.N. at 4304. Specifically, under Section 8(c), the government may object to any question or line of inquiry that may require the witness to disclose classified information that was not previously held to be admissible. 18 U.S.C. App. III § 8(c). Following an objection, the court "shall take such suitable action to determine whether the response is admissible as will safeguard against the compromise of any classified information." *Id.* In effect, this procedure supplements the notice provision under Section 5 and the hearing provision in Section 6(a) to cope with situations that cannot be handled effectively by those sections, such as where the defense counsel does not realize that the answer to a given question will reveal classified information. S. Rep. No. 96-823 at 11, 1980 U.S.C.C.A.N. at 4304-5.

---

[3] In addition to substitutions and summaries, courts may also consider other measures of protecting classified information that is introduced into evidence, such as the "Silent Witness Rule," a "procedure whereby certain evidence designated by the government is made known to the judge, the jury, counsel, and witnesses, but is withheld from the public." *See United States v. Rosen*, 520 F. Supp. 2d 786, 793-94 (E.D. Va. 2007).

### H.     Section 9 - Security Procedures

Section 9 requires the Chief Justice of the United States, in consultation with other executive branch officials, to prescribe rules establishing procedures to protect classified information in the custody of federal courts from unauthorized disclosure. 18 U.S.C. App. III § 9(a). Security Procedures established by former Chief Justice Burger pursuant to this provision are codified directly following Section 9 of CIPA. One such security procedure involves the appointment of a classified information security officer.

### I.     Section 9A - Coordination Requirement

Section 9A requires an official of the Department of Justice and the appropriate United States Attorney to provide timely briefings of the fact and status of a prosecution involving classified information to a senior official of the agency in which the classified information originated. *Id.* § 9A(a).

### J.     Section 10 - Identification of Information Related to the National Defense

This section applies in espionage or criminal prosecutions in which the government must prove as an element of the crime charged that certain material relates to the national defense or constitutes classified information. *See* S. Rep. 96-823 at 11-12, 1980 U.S.C.C.A.N. at 4305. In such a circumstance, Section 10 requires the government to inform the defendant of which portions of the material

it reasonably expects to rely upon to prove the national defense or classified

information element of the crime. 18 U.S.C. App. III § 10.

### K.   Sections 11 through 15 - Miscellaneous Provisions

The remaining sections of CIPA contain various housekeeping provisions.

Section 11 provides for amendments to Sections 1 through 10 of CIPA. Section

12 requires the Attorney General to issue guidelines regarding the exercise of

prosecutorial discretion over cases in which classified information may be

revealed and requires preparation of written findings when prosecution of such

cases is declined. Section 13 requires the Attorney General periodically to report

such declination decisions to Congress and, where necessary, to report on the

operation and effectiveness of CIPA. Section 14 identifies the senior officials to

whom the functions and duties of the Attorney General under CIPA may be

delegated. Finally, Section 15 provides the effective date of CIPA.

## II.   <u>REQUEST FOR APPOINTMENT OF CLASSIFIED INFORMATION SECURITY OFFICER</u>

All defendants in this case are charged with conspiring to act as agents of

the Russian government without notification to the Attorney General, in

violation of 18 U.S.C. §§ 371 and 951, and defendants Yeshitela, Hess, and Nevel

are also charged with a substantive count of acting as agents of a foreign

government, in violation of 18 U.S.C. § 951. Matters relating to classified

information may arise in connection with the instant case.

Pursuant to Section 9 of CIPA, and to assist the Court and court personnel in handling and implementing any motions pursuant to CIPA, the United States requests that the Court designate Matthew W. Mullery as the Classified Information Security Officer ("CISO") for this case. As CISO, Mr. Mullery will perform the duties and responsibilities prescribed for CISOs in the Security Procedures promulgated by the Chief Justice, *see* 18 U.S.C. App. III § 9; Pub. L. 96-456, 94 Stat. 2025, and will be available to explain the procedures required to authorize the Court's staff, including law clerks and court reporter, to access and secure any classified material related to this case. The United States further requests that the Court designate the following persons as Alternate CISOs, to serve in the event Mr. Mullery is unavailable: Daniel O. Hartenstine, Daniella M. Medel, Connor B. Morse, Harry J. Rucker, and Winfield S. Slade.

## III.   <u>CONCLUSION</u>

Accordingly, the United States respectfully moves for the appointment of a CISO and Alternate CISOs, as specified in the attached proposed order.

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney

By:   */s/ Daniel J. Marcet*
Daniel J. Marcet
Risha Asokan
Assistant United States Attorneys
Florida Bar No. 0114104
400 N. Tampa Street, Suite 3200

19

Tampa, Florida 33602-4798
Telephone:   (813) 274-6000
E-mail:        Daniel.Marcet@usdoj.gov

By:      */s/ Menno Goedman*
Menno Goedman
Trial Attorney, National Security Division
U.S. Department of Justice
950 Pennsylvania Ave. NW
Washington, DC 20530
Telephone: (202) 451-7626
Email: Menno.Goedman@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 11, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Ade Griffin, Esq.
Thomas Inskeep, Esq.
Mutaqee Akbar, Esq.
Leonard Goodman, Esq.

*/s/ Daniel J. Marcet*
Daniel J. Marcet
Assistant United States Attorney
Florida Bar No. 0114104
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone:   (813) 274-6000
Facsimile:   (813) 274-6358
E-mail:       Daniel.Marcet@usdoj.gov