UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

Case No.: 8:22-cr-259-WFJ-AEP

v.

OMALI YESHITELA

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE VISA APPLICATION AND PHOTOGRAPH OF PASSPORT**

The Court should deny Defendant Omali Yeshitela's Motion in Limine Regarding Admission of Visa Application and Photograph of Passport (Doc. 244). First, the Department of State record relating to a diplomatic visa that was issued to defendant Aleksey Borisovich Sukhodolov is admissible under Federal Rule of Evidence 803(6) as a record of regularly conducted activity. Second, the photograph of a passport that was recovered from defendant Yegor Popov's Apple iCloud is not hearsay because it is not being offered for the truth of the matter asserted.

### I.  Background

In relevant part, the Superseding Indictment alleges:

> From at least as early as October of 2013, ALEKSANDR VIKTOROVICH IONOV worked with officers of the Federal Security Service of the Russian Federation ["FSB"] . . . to use members of various U.S. political groups as foreign agents of Russia within the United States. Working under FSB supervision and with FSB support, IONOV recruited members of these political groups within the United States and other countries . . . Thereafter, IONOV exercised direction or control over these groups on behalf of the FSB. IONOV also monitored and regularly reported on their activities to the FSB.
>
> …

> YEGOR SERGEYEVICH POPOV was a citizen of Russia who resided in Moscow, Russia. POPOV was employed as an FSB officer. The FSB was Russia's internal security and counterintelligence service[.]…
>
> ALEKSEY BORISOVICH SUKHODOLOV was a citizen of Russia and a supervisory FSB officer residing in Moscow, Russia.

Superseding Indictment ¶¶ 1, 7, 8.

At trial, the United States intends to introduce evidence establishing that defendant Sukhodolov was a citizen of Russia and employed by the FSB during the conspiracy. Specifically, the government intends to introduce a redacted copy of an official record obtained from the Department of State Bureau of Consular Affairs ("DOS") Consular Consolidated Database, attached hereto as Exhibit A, that contains information about the diplomatic visa that Sukhodolov was issued in 2017 when he traveled to the United States in his capacity as a member of the FSB. Exhibit A at 2-3.

Contrary to the Defendant's assertion, this entire document is not Sukhodolov's visa application. The first two pages of the visa record reflect information that DOS maintained and verified about the visa issued to Sukhdolov, including that it was a "Other Foreign Govt Official And Immediate Family" visa and that Sukhodolov was employed by the "FSB OF RUSSIA." *Id.*

The Defendant's Motion appears focused on the second part of the DOS business record, which includes a copy of the application and supporting documentation that Sukhodolov submitted, in the course of his work as an FSB officer, to obtain this diplomatic visa. *Id.* at 4-10. The application, which was

personally prepared by and attested to as true by Sukhodolov, also states that Sukhodolov was employed by the "FSB OF RUSSIA." *Id.* at 7. The last section of the application form also reflects that Sukhdolov's biodata was "VERIFIED W/ TRAVEL DOC" when he entered the United States in 2017. *Id.* at 10.

In producing this record for trial, DOS provided a certificate of authenticity, which stated, in relevant part:

> The attached documents are true, accurate and complete copies of the information in the nonimmigrant visa application records from the Consular Consolidated Database maintained by the Department of State, Bureau of Consular Affairs, for the non-immigrant visa application submitted by **Aleksei Borisovich Sukhodolov** (Date of Birth **April 19, 1974**) and adjudicated at the U.S. Embassy in **Moscow** (Control Number **20172561050002**). This record was made from the information provided by the visa applicant at or near in time to when that information was transmitted to the U.S. Department of State. The record was kept pursuant to the Department of State's procedures for the adjudication and retention of visa applications and was made as part of a regular practice.

*Id.* at 1; *see also* Doc. 193-17.

On July 24, 2024, the government filed a first notice of intent to introduce records of a regularly conducted activity pursuant to Federal Rules of Evidence 803(6) and 902(11). *See* Doc. 193. That filing notified the Defendant that the government may seek to introduce the DOS visa record—which was produced in discovery in May 2023—and included the above-mentioned certification provided by the DOS. *Id.* ¶ 17; Doc. 193-17. The Defendant did not object to the notice, and his Motion does not allege any deficiency in the notice or the records certificate.

3

Additionally, the government intends to introduce at trial a photograph of defendant Popov's Russian passport that was recovered from Popov's iCloud pursuant to a search warrant, attached hereto as Exhibit B. *See* Exhibit B. The photograph depicts the biographical page of the passport, which is printed in the Cyrillic script and contains an image of Popov. *Id.* The photograph of the passport page does not include an English translation. At trial, a government witness will testify that this photograph was recovered from Popov's iCloud. Like Sukhodolov's visa record, this search warrant record was produced in discovery in May of 2023.

## II.  Legal Standard

Hearsay is an out-of-court statement that is offered in evidence "to prove the truth of the matter asserted." Fed. R. Evid. 801(c). Federal Rule of Evidence 803(6) provides an exception to the rule against hearsay for a record made at or near the time of an act by someone with knowledge—or from information transmitted by a person with knowledge—if the record "was kept in the course of regularly conducted activity of a business" and "making the record was a regular practice of that activity." Fed. R. Evid. 803(6)(A)-(C). A proponent may establish the requirements of Rule 803(6) through either "the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11)." Fed. R. Evid. 803(6)(D).

"The touchstone of admissibility under the business records exception to the hearsay rule is reliability, and a trial judge has broad discretion to determine the admissibility of such evidence." *United States v. Bueno-Sierra*, 99 F.3d 375, 379 (11th

Cir. 1996) (citations omitted). The Eleventh Circuit has held that "the proponent of a document ordinarily need not be the entity whose first-hand knowledge was the basis of the facts sought to be proved." *Id.*; *see, e.g.*, *United States v. Atchley*, 699 F.2d 1055, 1059 (11th Cir.1983) (telephone records made and preserved in the regular course of business were properly admitted without personal knowledge of the identity of the preparer).

### III. Analysis

#### A. The Visa Record is an Admissible Business Record.

The DOS record of defendant Sukhodolov's 2017 visa is an admissible business record. As noted above, this document contains two separate components—the first two pages contain the information on a diplomatic visa that was issued to Sukhodolov for an official visit on behalf of his employer (the FSB), and the use of that diplomatic visa to enter the United States in 2017. Exhibit A at 2-3. The remainder of the record contains the information that Sukhodolov—acting in the regular course of his business as an FSB officer—submitted to obtain the official visa. *Id.* at 4-10.

As reflected in the 902(11) certification provided by the DOS, the visa record satisfies Rule 803(6)'s exception because it was (1) "made from the information provided by [Sukhodolov] at or near in time to when that information was transmitted to the U.S. Department of State"; (2) "kept pursuant to the Department of State's procedures for the adjudication and retention of visa applications"; and (3)

"made as part of a regular practice." Doc. 193-17. The government's notice satisfies Rule 803(6)'s requirements for admissibility.

As noted above, the Defendant's Motion seems focused on Sukhodolov's visa application, which is the second part of the DOS record. *See* Exhibit A at 4-10. But the Defendant fails to note that the information in that portion of the document was "verified" by the Department of State in the ordinary course of its business. *Id.* at 10. Even if the Court believes that this verification by the Department of State is insufficient, the document itself establishes that Sukhodolov submitted this official visa application in the regular course of his business with the FSB, which allays any concerns about hearsay-within hearsay. Indeed, as the Eleventh Circuit has made clear, when one individual acting in the ordinary course of business submits a document to another business, and where that document or the information therein is then incorporated into the second business's records, the entire record is admissible as a business record of the second business. *See Bueno-Sierra*, 99 F.3d at 379 (concluding that berth request form personally prepared by an outside shipping agent to obtain docking location and maintained regularly by office of Port Operations for Miami satisfied Rule 803(6)'s requirements, even though only testimony of the Port Operations employee was used to authenticate it). The DOS record that was generated based on Sukhodolov's submission as part of his official duties of official government documents to obtain a diplomatic visa is reliable, which is the "touchstone" of the business records exception. *Id.* at 378.

6

For these reasons, the Court should deny the Defendant's Motion and permit the United States to introduce the entire DOS record relating to Sukhodolov's visa and his application to obtain the visa. Because the United States provided timely notice of its intent to introduce these records through a 902(11) certificate and the Defendant has not pointed to any deficiencies in that certificate, the United States respectfully requests that it be permitted to introduce the record without the need to call a witness to authenticate it.

### B. The Photograph of the Passport is Not Hearsay.

The photograph of defendant Popov's passport page is merely being offered for the fact of its possession and, therefore, is not hearsay. At trial, the United States will introduce messages in which Ionov referred to the FSB handler who oversaw his work with the Defendants-on-trial as "Yegor," and will also introduce messages in which other FSB agents refer to Ionov's handler as "Yegor." The investigation identified Yegor Popov's iCloud and, lo and behold, found the offending passport photograph—depicting an image that matches other images depicting the user of the account and the name "Yegor Popov"—as well as photographs of the African People's Socialist Party, Black Hammer, and other American groups who worked with Ionov.

Thus, the passport photograph is relevant and admissible to establish the simple fact that the person who owned and controlled that iCloud contained a photograph of an identification document bearing the name of "Yegor Popov," along with many other photographs, including selfie photographs, of the person

7

pictured in that passport. These photographs constitute circumstantial evidence that the person who controls the iCloud would be referred to as "Yegor." This simple fact is relevant to establishing that when Ionov refers to "Yegor," he is referring to the owner of the iCloud account that, not coincidentally, belonged to an FSB officer and possessed key evidence of the FSB's interest in the Defendants-on-trial. *See* Fed R. Evid. 401 ("Evidence is relevant if it has any tendence to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action."); *United States v. Chugay*, No. 21-10008-CR, 2022 WL 1810637, at *2 (S.D. Fla. June 2, 2022) (admitting "photographs that [were] not being offered for the truth of the matter asserted, but merely to show that Defendant had these photos in his possession").

      Contrary to the Defendant's assertions, the relevance of the passport photograph does not depend on the authenticity of the passport or even whether the individual's true name is Yegor. Indeed, the fact that an individual possesses a fake passport in the name of "Yegor" is equally probative of the fact that person might be referred to by others as "Yegor." And, as noted above, the United States does not even intend to offer a translation of the passport into evidence, further underscoring that the purpose of offering the passport is not for the truth of the information contained therein, but merely for the fact that it was possessed within the iCloud and alongside other relevant evidence in the case.

8

## IV.  Conclusion

For the foregoing reasons, the United States respectfully requests that the Defendant's Motion be denied.

Respectfully submitted,

| | |
|---|---|
| ROGER B. HANDBERG<br>United States Attorney | By: *s/ Daniel J. Marcet*<br>DANIEL J. MARCET<br>RISHA ASOKAN<br>Assistant United States Attorneys<br>Florida Bar No. 0114104<br>400 N. Tampa St., Ste 3200, Tampa, Florida<br>813/274-6000 \| Daniel.Marcet@usdoj.gov |
| JENNIFER K. GELLIE<br>Acting Chief, Counterintelligence<br>and Export Control Section | By: *s/ Menno Goedman*<br>MENNO GOEDMAN<br>Trial Attorney, National Security Division<br>950 Pennsylvania Ave. NW, Washington, DC<br>(202) 451-7626 \| Menno.Goedman@usdoj.gov |

U.S. v. Ionov, et al.                                    Case No. 8:22-cr-259-WFJ-AEP

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Ade Griffin, Esq.
Leonard Goodman, Esq.
Mutaqee Akbar, Esq.
Mark O'Brien, Esq.

I hereby certify that on August 30, 2024, a true and correct copy of the foregoing document and the notice of electronic filing were sent by United States Mail to the following non-CM/ECF participant(s):

Augustus C. Romain, Jr.
Inmate ID: 54801510
Citrus County Detention Facility
2604 W Woodland Ridge Dr.
Lecanto, FL 34461

                                    */s/ Daniel J. Marcet*
                                    Daniel J. Marcet
                                    Assistant United States Attorney
                                    Florida Bar No. 0114104
                                    400 N. Tampa St., Ste. 3200
                                    Tampa, FL 33602-4798
                                    Telephone: (813) 274-6000
                                    E-mail: Daniel.Marcet@usdoj.gov