UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) No. 8:22-cr-00259-WFJ-AEP ) |
| PENNY HESS, | ) ) |
| Defendant. | ) |

**DEFENDANT PENNY HESS'S MEMORANDUM OF LAW REGARDING THE MENS REA REQUIREMENTS OF 18 U.S.C. § § 371 & 951**

Defendant Penny Hess,[1] through Counsel, submits the following Memorandum of Law addressing the *mens rea* requirements of 18 U.S.C. § § 371 and 941. In support, she states as follows:

**I.    To prove a violation of 18 U.S.C. § 951, the government must prove that the Defendant knew of the registration requirement.**

Count Two of the Indictment charges that Defendants Omali Yeshitela, Penny Hess, and Jesse Nevel "did knowingly act within the United States as an agent of a foreign government and foreign officials . . . without prior notification to the Attorney General." ECF No. 12. Relying on *United States v. Duran*, 596 F.3d 1283 (11th Cir. 2010), the government contends that it need not prove that a scienter requirement applies to the registration requirement of § 951. The Supreme Court, however, abrogated *Duran* in *Rehaif v. United States*, 588 U.S. 225, 232 (2019).

---

[1] This Memorandum of Law applies equally to Defendants Omali Yeshitela and Jesse Nevel.

In considering a vagueness challenge in 2010, the Eleventh Circuit held in *United States v. Duran*, that § 951 "is a general intent crime, as there is no *mens rea* element on the face of the statute." 596 F.3d 1283, 1291 (11th Cir. 2010). "The silence of § 951 as to a specific intent element is dispositive of the fact that Congress intended it to be one of general intent." *Id.* at 1292. Accordingly, the court reasoned, "knowledge of the notification requirement need not be proven by the Government." *Id.*

In *Rehaif*, decided nine years after *Duran* in 2019, the Supreme Court explained that the presumption of scienter requires courts to interpret statutes to include a scienter requirement in all elements of an offense. 588 U.S. at 231. There, the Supreme Court held that the government must prove that a person has knowledge of their illegal immigration status to be found guilty of violating a law that bars individuals that are illegally in the country from possessing firearms. *Id.* at 232. The Supreme Court explained that, because of the presumption in favor of scienter, it has "interpreted statutes to include a scienter requirement even where the statutory text is silent on the question" and "even where the most grammatical reading of the statute does not support one." *Id.* at 231 (internal quotations omitted). Typically, scienter requirements are absent only in provisions that are regulatory and carry minimal penalties. *Id.* at 232. As the firearms provision carried a penalty of up to ten years' imprisonment, the exception to the presumption in favor of scienter did not apply. *Id.* at 232.

*Rehaif* directly conflicts with *Duran* and cannot stand in light of *Rehaif*'s demand that a scienter element be read into each element of the offense except in cases carrying minimal penalties. *See United States v. Kaley*, 909 F.3d 335 (11th Cir. 2009) (explaining that a subsequent Supreme Court opinion abrogates circuit precedent when it "directly conflict[s] with" prior circuit precedent). As in the statute in *Rehaif*, § 951 carries a penalty of up to ten years' imprisonment. 18 U.S.C. § 951(a). Accordingly, the government must prove that Defendants had knowledge of § 951's registration requirement as no exception to the presumption in favor of scienter applies.

The foregoing analysis is consistent with *Lambert v. California*, where the Supreme Court held that laws criminalizing a failure to register violate due process unless the defendant has "actual knowledge of the duty to register" or there is "proof of the probability of such knowledge and subsequent failure to comply." 355 U.S. 225, 226 (1957). There, a Los Angeles Municipal Code made it "unlawful for 'any convicted person' to be or remain in Los Angeles for a period of more than five days without registering." *Id.* The Supreme Court noted that the defendant, "on first becoming aware of her duty to register was given no opportunity to comply with the law and avoid its penalty, even though her default was entirely innocent." *Id.* at 229. The Supreme Court reversed, holding that "[w]here a person did not know of the duty to register and where there was no proof of the probability of such knowledge, he may not be convicted consistently with due process." *Id.* at 229-30.

As in *Lambert*, if § 951 is construed to require no knowledge of the registration requirement, it criminalizes "conduct that is wholly passive – mere failure to register." *Lambert*, 355 U.S. 228. Accordingly, to avoid rendering § 951 unconstitutional, a scienter requirement must be read into § 951's registration element.

## II. To prove a conspiracy under 18 U.S.C. § 371, the government must prove that the defendant had knowledge that her conduct violated the law.

To prove conspiracy to defraud the United States under § 371, the government must prove "(1) an agreement between two or more people to violate federal law; (2) [the defendant]'s knowing and willing participation; and (3) an overt act in furtherance of the conspiracy." *United States v. Rafiekian*, 991 F.3d 529, 547 (4th Cir. 2021). A conspiracy requires evidence that "two or more persons acted in concert to achieve an illegal goal." *Id.* For instance, in *United States v. Rafiekian*, the court found that there was evidence that the individuals "acted in concert to achieve an illegal goal" because there "was considerable evidence . . . that [the defendants] together sought to avoid disclosing [the foreign government]'s involvement to the Attorney General, as § 951 requires." 991 F.3d at 548. The court noted that "confidentiality was of paramount concern" to the parties. *Id.* at 548. Their agreement provided for "no public announcement" of the agreement without approval of the parties. *Id.* The defendant "balked at notifying DOJ, opting instead to keep things—as he put it—

4

"under the radar." *Id.* Based on the foregoing, the court concluded that the individual's conspired to act subject to a foreign government's control. *Id.* at 549.

The Supreme Court decision in *United States v. Feola* does not negate this requirement. 420 U.S. 671 (1975) In *Feola*, the defendant was charged with conspiring to assault a federal officer while the officer was engaged in the performance of his duties. *Id.* at 672. The Supreme Court held that a scienter requirement does not apply to the statute's jurisdictional element that the individual assaulted be a federal officer. *Id.* The Court explained that its "interpretation poses no risk of unfairness to defendants," because "[t]he situation is not one where legitimate conduct becomes unlawful solely because of the identity of the individual or agency affected." *Id.* at 685. In other words, the underlying conduct of assault was unlawful regardless of the victim's status of a federal officer.

The Supreme Court further explained in *United States v. X-Citement Video*, that *Feola* is limited to jurisdictional facts. 513 U.S. 64, 72 n.3 (1994). There, the Court explained that the age of minority in 18 U.S.C. § 2252 had a scienter requirement because "sexually explicit materials involving persons over the age of 17 are protected by the First Amendment." *Id.* at 72. Importantly, age "is the crucial element separating legal innocence from wrongful conduct." *Id. Feola*, the Court explained, was limited to only "jurisdictional fact[s] that enhance[] an offense otherwise committed with an evil intent." *Id.* at 72 n.3.

5

Here, § 951's registration requirement is what separates legal innocence from wrongful conduct. Indeed, one can act at the direction or control of a foreign government or official as long one registers with the Attorney General. Accordingly, to conspire to violate § 951, the government must prove that the defendant had knowledge of the registration requirement.

> III. **In any event, the government must prove willful conduct as it charged in the indictment that the defendants "did knowingly and willfully combine, conspire, and agree with each other . . . to commit an offense against the United States."**

Regardless of the law's scienter requirement, the government must prove "willful" conduct in this case because it charged in the indictment that Defendants "willfully" conspired to "commit an offense against the United States." ECF No. 12, p. 9. It is well-established that "[a]n indictment is required to set forth the elements of the offense sought to be charged." *United States v. Debrow*, 346 U.S. 374, 376 (1953). Here, the government put the Defendants on notice that they must defend against a crime that required that they willfully conspire to fail to register with the Attorney General. They were not put on notice that they had to defend against an offense that required no knowledge of an essential element of the crime. Accordingly, regardless of the Court's interpretation of the statute's scienter requirement, the government must prove the *mens rea* alleged in the indictment.

Respectfully submitted,


/s/ Angela J. Reaney
ANGELA J. REANEY



Leonard C. Goodman
Angela J. Reaney
Goodman Law Office
53 W. Jackson
Suite 1650
Chicago, Illinois  60604
(312) 986-1984

## CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/   Angela J. Reaney

Angela J. Reaney
53 W. Jackson
Suite 1650
Chicago, Illinois 60604
(312) 986-1984