UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

     v.                                  CASE NO. 8:22-cr-259-WFJ-AEP

OMALI YESHITELA,
     a/k/a "Joseph Waller,"
PENNY HESS,
JESSE NEVEL,
     a/k/a "Jesse Nevelsky," and
AUGUSTUS C. ROMAIN, Jr.

**UNITED STATES' MEMORANDUM OF LAW IN RESPONSE TO DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

In order to aid the Court in determining how to instruct the jury at the close of the case, the United States hereby files the following Memorandum of Law in response to the Defendants' Proposed Jury Instructions (Doc. 260). The United States respectfully submits that the Court should use its proposed jury instructions (Doc. 272-1), which accurately state the law in the Eleventh Circuit.

- <u>Defense Proposed Instructions Nos. 2, 25, and 26</u>: Defendants propose three instructions relating to the First Amendment. Proposed Instructions 2 and 25 propose a "Cautionary Instruction" on the First Amendment, which would instruct the jury, *inter alia*, that "[t]he Defendants are American citizens and just like each of you, they have the right under the First Amendment to advocate for ideas that they believe in and to try to persuade our government to adopt policies they support." Doc. 260-1 at 10. Proposed Instruction 25 reiterates the same and adds that "[t]he speech and newspaper articles, as well as the defendants' opinion and political views, are to be considered by you only insofar as they may pertain to the issues of motive and intent." *Id.* at 45. This instruction is erroneously borrowed from a Rule 404(b) instruction given in *United States v. Dumeisi*, 424 F.3d 566 (7th Cir. 2005), and the United States has not presented any Rule 404(b) evidence in this case.

1

The Court has already held that, if the jury finds that the Defendants acted at the direction of the Russian government, their conduct—from protests to publications—is not protected by the First Amendment. Doc. 222 (adopting Report and Recommendations); *see also* Report and Recommendations (Doc. 157) ("As it relates here, Defendants' speech alone is not necessarily 'acts' within the gambit of Section 951, but when done at the alleged direction of a foreign government, such speech does rise to the level of "acts" within the meaning of Section 951."). To the extent that the Court gives an instruction relating to the First Amendment, the United States respectfully submits that the Court should pattern it after the instruction approved by the Supreme Court in *Dennis v. United States*, 341 U.S. 494, 513 (1951), to the effect that speech and political acts undertaken at the direction of a foreign government without notification to the Attorney General are not protected by the First Amendment.

Moreover, as Magistrate Judge Porcelli has already recognized, Proposed Instruction 25's statement that "speech and newspaper articles" cannot violate the statute is simply wrong: any act—including acts of speech that may otherwise receive First Amendment protection—undertaken at the direction of the Russian Government is a violation of the statute. *See United States v. Duran*, 596 F.3d 1283, 1295-96 (11th Cir. 2010) (explaining that Section 951 "covers any and all affirmative conduct taken on behalf of a foreign government, and is not limited to espionage or subversive activities."). Indeed, as Judge Porcelli explained in his thoughtful Report and Recommendation, "while the views and opinions contained in the newspaper articles in isolation may be protected by the First amendment, the act of publishing articles at the behest of a foreign government is relevant to the prosecution of under Section 951 given that an element is acting 'subject to the direction or control of a foreign government.'" Doc. 157 at 10; *see also United States v. Dumeisi*, 424 F.3d 566 (7th Cir. 2005) (affirming conviction under Section 951 based on "ample evidence that Dumeisi acted knowingly at the behest of" Iraqi intelligence, including "evidence that Dumeisi initiated contact with the [Iraqi government] and *offered to publish articles supplied by them*" and that he "*printed provocative articles* in his paper in order to learn more about" Iraqi dissidents") (emphasis added).

- Defense Instruction No. 5: Defendants' Proposed Instruction No. 5 seeks to instruct the jury on the evidentiary value of charts and summaries. Doc. 260-1 at 15. The United States submits that the portion of the instruction referring to "charts and summaries" intended to "help explain other evidence" is inapplicable to this case, since all charts and summaries will be admitted into evidence. *See* Fed. R. Evid. 1006.

- <u>Defense Instruction No. 7</u>: Defendants' Proposed Instruction No. 7 seeks to instruct the jury on the evidentiary value of testimony by law enforcement witnesses.  Doc. 260-1 at 17.  This is not a pattern instruction and the Defendants provide no authority to support inclusion of this instruction.  The United States submits that such an instruction is unnecessary in light of Eleventh Circuit pattern instructions concerning witness credibility, which apply equally to all witnesses.

- <u>Defense Instruction No. 9</u>: Defendants' Proposed Instruction No. 9 sets forth a modified version of the Eleventh Circuit Pattern Jury Instruction (Criminal Cases) B8.  Doc. 260-1 at 19.  In its discussion of Counts 1 and 2, the instruction misstates the law.  Contrary to the instruction, Section 951 does not merely prohibit acting as an agent "of a foreign government official, to wit, the Government of Russia."  Rather, Section 951 prohibits acting as an "agent of a foreign government," which it then defines as an individual who "agrees to operate within the United States subject to the direction or control of a foreign government or official . . . ."  The proposed instruction also gratuitously adds that the "Defendants have pleaded not guilty to these charges," which is already covered by B2.2 (Presumption of Innocence). The United States' Proposed Instruction B8, Doc. 272-1 at 8, accurately reflects the law and more closely tracks the model instruction.

- <u>Defense Instruction Nos. 12 to 14</u>: Defendants' Proposed Instructions Nos. 12 to 14, relating to the conspiracy charge, bear no relation to the Eleventh Circuit's pattern instructions. The Court should follow the United States' proposed instruction, which is taken directly from the Eleventh Circuit pattern.

    For example, Instruction 13 incorrectly suggest that the United States must prove "[a] heightened mens rea to prove conspiracy."  Doc. 260-1 at 25-31.  A conspiracy does not require a heightened *mens rea* standard.  To the contrary, the Eleventh Circuit has already held that, "while conspiracy is a specific intent crime, and aiding and abetting of a substantive violation must be willfully undertaken, those theories of vicarious liability do not import into either the conspiracy charge or the substantive offense under § 951 that Duran be on actual notice of the registration requirement" because "the conspiracy statute does not impose its scienter requirement upon the general intent offense that is the object of the conspiracy." *United States v. Duran*, 596 F.3d 1283, 1296 (11th Cir. 2010). The United States' Proposed Instruction O13.1, Doc. 272-1 at 10-12, accurately states the law and closely tracks the Eleventh Circuit model instruction.

    Instruction 14 incorrectly provides that overt acts must be committed "willfully." This erroneous inclusion is based on the Defendant's incorrect assertion that conspiracy requires a "heightened *mens rea*." The Court should follow the Eleventh Circuit pattern instruction, as proposed by the United States.

- <u>Defense Instruction No. 18</u>: Defendants' Proposed Instruction No. 18 sets forth their preferred instruction for Count 2, which charges Defendants Yeshitela, Hess, and Nevel with a substantive violation of Section 951. Proposed Instruction No. 18 states that Count 2 requires the United States to prove that the Defendants "knowingly, intentionally, and willfully act[ed] as unregistered agents of a foreign government or official." Doc. 260-1 at 34. The instruction then reiterates this incorrect *mens rea* phrasing—i.e., "knowingly, intentionally, and willfully"—two additional times.

  To begin, the Eleventh Circuit has held that Section 951 does <u>not</u> require the United States to prove that the Defendants acted "willfully." *See Duran*, 596 F.3d at 1292 (11th Cir. 2010) (holding that "Section 951's plain language makes it clear that it is a general intent crime" and that "[a] defendant need not intend to violate the law to commit a general intent crime, but he must actually intend to the act that the law proscribes") (citations omitted); *United States v. Campa*, 529 F.3d 980, 999 (11th Cir. 2008) (same). Thus, Defendants' Proposed Instruction No. 18 misstates the law as to the *mens rea* required for a conviction under Section 951.

  Additionally, Proposed Instruction No. 18 also incorrectly states that Section 951 requires a defendant to act as an "unregistered" agent. Section 951 requires an individual acting as a foreign agent to "notify" the Attorney General of the United States—registration is not required. The United States' proposed instruction, Doc. 272-1 at 16-19, accurately states the law and conforms with instructions given by various other courts in cases involving Section 951, *id.* at 17 (citing various cases).

- <u>Defense Instructions Nos. 19-23</u>: Defendants' Proposed Instructions Nos. 21 and 22 similarly misstate the requisite *mens rea* for a conviction under Section 951. Additionally, Defendants' Proposed Instruction 19 conflates the agreement required for Count 1's conspiracy charge with Count 2's substantive offense.

  The single case the Defendants cite to in support of this instruction, *United States v. Rafiekian*, did not include a similar instruction. *See* Jury Instructions, *United States v. Rafiekian*, Case No. 18-cr-457 (E.D. Va. July 23, 2019) ECF 354-5 at 50. Moreover, the United States notes that every other case of which it is aware no such standalone instruction was given and that the instructions in these other cases mirror what the United States has proposed. Doc. 272-1 at 16-19 (citing to 951 jury instructions in *United States v. Ji Chaoqun, United States v. Abouammo, United States v. Barrack, United States v. Pras Michel,* and *United States v. McMahon et al.*). Additionally, the United States submits that Defense Instruction Nos. 20 (on notification to the Attorney General) and 23 (on venue) need not be standalone instructions and are more properly included within the core instruction relating to

Count 2, as the United States has proposed in its instructions, *see* Doc. 272-1 at 16-19.

- <u>Defense Instruction No. 24</u>: Defendants' Proposed Instruction No. 24 seeks to instruct the jury on the "legal commercial transaction" exception to Section 951. Doc. 260-1 at 43. The United States submits that, at the close of the evidence, a proper understanding of this instruction will make plain that it does not apply in this case, and the Defendants will not be able to meet their burden of production in order to justify an instruction on this defense. *See United States v. Stout*, 667 F.2d 1347 (11th Cir. 1982) (stating that "once the government has proven the elements of the offense, the burden shifts to defendants to demonstrate qualification under an exception").

The Defendants cannot meet their burden because the Defendants relationship with Defendant Alexander Ionov and the Russian Government was neither lawful, nor commercial.

First, the relationship was not commercial. While the evidence admitted during trial showed several discrete payments by Ionov to the Defendants, the evidence also proved that over the course of their seven-year relationship the Defendants undertook a variety of actions at the direction of Ionov without any payments being made. The evidence also showed that the Defendants' motives for entering into and remaining a part of the relationship included non-commercial reasons. Because the Defendants' relationship with Ionov and the Russian Government—taken as a whole—is not commercial, the "legal commercial transaction" does not apply as a matter of law. *See United States v. Ji Chaoqun*, 107 F. 4th 715, 729 (7th Cir. 2024) ("It follows that the fourth exception similarly concerns a category of person and relationship with a foreign government, not the nature of a particular act.").

Second, the relationship was not "legal." The regulations defining a "legal commercial transaction" require that a covered transaction is "not prohibited by federal or state legislation or implementing regulations." 28 C.F.R. § 73.1(f). The Foreign Agents Registration Act ("FARA") imposes civil and criminal prohibitions on persons "act[ing] as an agent of a foreign principal" unless they have filed a compliant registration statement." 22 U.S.C. § 612 et seq. A registration statement is required where an individual acts at the direction or control of a foreign principal to, *inter alia*, engage in "political activities." "Political activities" are defined as "any activity that the person engaging in believes will, or that the person intends to, in any way influence . . . any section of the public within the United States with reference to formulating, adopting, or changing the domestic or foreign policies of the United States . . . ." Here, all four Defendants have conceded they had a relationship with a "foreign principal" (Ionov) and that they engaged in "political

5

activities" (actions intended to influence the public on issues of U.S. foreign and domestic policies). Nor is there any evidence that the Defendants have registered under FARA. Therefore, because the Defendants have committed a civil FARA violation, their conduct in this case is not "legal" and is not covered by the "legal commercial transaction" exception to Section 951. *See generally Attorney General of the United States v. Wynn*, 636 F. Supp. 3d 96, 98 (D.D.C. 2022) (discussing FARA's "broad" scope, including that "violations of FARA may lead to both criminal and civil sanctions").

If the Court determines that an instruction on this topic is appropriate, the instruction should (1) hew closely to the statutory and regulatory language, and (2) make clear that the United States can negate the affirmative defense by showing either that the Defendants relationship with the Russian government was not commercial and/or that it was not lawful. This would be a complex jury instruction that also includes the elements necessary to for the United States to prove a civil FARA violation. Should the Court decide that the Defendants have carried their burden and that an instruction on the "legal commercial transaction" is therefore appropriate, the United States will be ready to submit a proposed instruction along these lines.

| | |
|---|---|
| ROGER B. HANDBERG<br>United States Attorney | By: *s/ Daniel J. Marcet*<br>DANIEL J. MARCET<br>RISHA ASOKAN<br>Assistant United States Attorneys<br>Florida Bar No. 0114104<br>400 N. Tampa St., Ste 3200, Tampa, Florida<br>813/274-6000 \| Daniel.Marcet@usdoj.gov |
| JENNIFER K. GELLIE<br>Acting Chief,<br>Counterintelligence and Export<br>Control Section | By: *s/ Menno Goedman*<br>MENNO GOEDMAN<br>Trial Attorney, National Security Division<br>950 Pennsylvania Ave. NW, Washington, DC<br>(202) 451-7626 \| Menno.Goedman@usdoj.gov |

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 1, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Ade Griffin, Esq.
Leonard Goodman, Esq.
Mutaqee Akbar, Esq.

I hereby certify that on September 9, 2024, a true and correct copy of the foregoing document and the notice of electronic filing will be sent by United States Mail to the following non-CM/ECF participant(s):

Augustus C. Romain, Jr.
Inmate ID: 54801510
Citrus County Detention Facility
2604 W Woodland Ridge Dr.
Lecanto, FL 34461

/s/ *Daniel J. Marcet*
Daniel J. Marcet
Assistant United States Attorney
Florida Bar No. 0114104
400 N. Tampa St., Ste. 3200
Tampa, FL 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: Daniel.Marcet@usdoj.gov