UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

Case No.: 8:22-cr-259-WFJ-AEP

v.

OMALI YESHITELA,
PENNY HESS,
JESSE NEVEL, and
AUGUSTUS C. ROMAIN, JR.

**UNITED STATES' SUPPLEMENTAL MEMORANDUM OF LAW REGARDING ELEMENTS OF SECTION 951**

The United States respectfully submits this Supplemental Memorandum of Law in response to the Court's questions raised on September 5, 2024. The United States submits that (1) a Section 371 conspiracy to violate Section 951 does not require proof that the Defendants had actual notice of the notification requirement; and (2) because the Defendants' conduct in this case is not "completely innocent conduct," Footnote 9 of the Eleventh Circuit's decision in *Duran* is inapplicable. The United States is prepared to discuss these issues at the Court's convenience.

<u>First</u>, the Eleventh Circuit in *Duran* expressly resolved the question of whether a Section 371 conspiracy to violate Section 951 requires a higher *mens rea* than a substantive charge under Section 951. In *Duran*, the Eleventh Circuit wrote as follows:

> Duran argues that because conspiracy and aiding and abetting require willfulness, they import a higher *mens rea* into the substantive charge under § 951 . . . . <u>Although conspiracy is a specific intent crime, and aiding and abetting of a substantive violation must be willfully undertaken, those theories of vicarious liability do not import into either</u>

>the conspiracy charge or the substantive offense under § 951 that Duran be on actual notice of the registration requirement. *See Feola*, 420 U.S. at 686-87 (1975). *Feola* reiterates the long-standing and uniformly recognized rule that the conspiracy statute does not impose its scienter requirement upon the general intent offense that is the object of the conspiracy.

*United States v. Duran*, 596 F.3d 1283, 1296 (11th Cir. 2010 (citing *United States v. Feola*, 420 U.S. 671, 686 (1975)) (emphasis added). In short, the Eleventh Circuit in *Duran* rejected the idea that a Section 371 conspiracy to violate Section 951 requires proof that the Defendants had "actual notice" of Section 951's notification requirement.

This is consistent with *Duran's* broader discussion of the notification requirement itself. On that topic, the Eleventh Circuit explained that because "conviction under § 951 involves affirmative action or conduct on behalf of a foreign government," the defendant is "deemed to have notice" of the notification requirement. *Duran*, 596 F.3d at 1293. The reason for imputing this knowledge, the Eleventh Circuit elaborated, is that "the area of foreign intelligence activities is one which is highly regulated and a notification or registration requirement *normally would not be unexpected by one who acts as an intermediary for a foreign government*." *Id.* at 1293, fn. 2 (emphasis added). Stated differently, where an individual acts at the direction of a foreign government, they are deemed to have notice of the Attorney General notification requirement because anyone so acting would necessarily be aware of such a requirement.

These two discussions in *Duran* are mutually reinforcing: it is *because* an individual acting at the direction or control of a foreign government is "deemed to have knowledge" of the notification requirement, that the Section 371 conspiracy charge does not require proof of a heightened *mens rea*. That is, once Person A knows that a co-conspirator is acting at the direction of a foreign government, then Person A is likewise "deemed to have knowledge" of the notification requirement. Accordingly, the "specific intent" required under Section 371 is limited to knowledge that a co-conspirator is acting at the direction or control of a foreign government—no further proof of "actual knowledge" is required.

Second, the Eleventh Circuit in *Duran* raised the possibility (without so deciding) that there may be a constitutional issue with charging Section 951 in connection with "completely innocent conduct." *Duran*, 596 F.3d at 1296, fn. 9. Because the conduct in the instant case is not "completely innocent," the United States submits that Footnote 9 has no applicability to this case.

As the evidence in this case has already shown, the Defendants' conduct was not innocent: they knowingly partnered with an "instrument of the Russian Government" that was "carrying out its own agenda: to utilize forces inside the U.S. to sew [sic] division inside the U.S." *See* GX 104M-1, 104RR. Moreover, the evidence in this case has shown that the Defendants pursued their relationship with Defendant Alexander Ionov and his organization knowing that doing so would support Russia in its "struggle" or "contest" against the United States. *See* GX 104M (writing that Ionov and his organization "more than likely represents a method by

3

which the Russian Government is engaging the U.S. and Europe in serious struggle"); GX 154M (explaining that bringing Ionov to the United States would allow Ionov to "see that supporting this will contribute to [Ionov's] efforts to undermine the influence of the United States"); *id.* (stating "[w]hat's motivating the Russians is their contest with U.S. imperialism"). The Defendants' relationship with a foreign government in this case is particularly egregious because, as has been explained by two expert witnesses, the Russian government views the United States as its "main adversary."

It cannot be the case that U.S. citizens—who "sew [sic] division" at the direction of the Russian government for the express purpose of supporting that adversarial government in its "struggle" against the United States—are engaged in "completely innocent conduct." Consequently, Footnote 9 in *Duran*—whatever its legal import—has no applicability to the instant case.

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney

By: s/ *Daniel J. Marcet*
DANIEL J. MARCET
RISHA ASOKAN
Assistant United States Attorneys
Florida Bar No. 0114104
400 N. Tampa St., Ste 3200, Tampa, Florida
813/274-6000 | Daniel.Marcet@usdoj.gov

JENNIFER K. GELLIE
Acting Chief, Counterintelligence
and Export Control Section

By: s/ *Menno Goedman*
MENNO GOEDMAN
Trial Attorney, National Security Division
950 Pennsylvania Ave. NW, Washington, DC
(202) 451-7626 | Menno.Goedman@usdoj.gov

U.S. v. Ionov, et al.  Case No. 8:22-cr-259-WFJ-AEP

## CERTIFICATE OF SERVICE

I hereby certify that on September 7, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Ade Griffin, Esq.
Leonard Goodman, Esq.
Mutaqee Akbar, Esq.
Mark O'Brien, Esq.

I hereby certify that on September 9, 2024, a true and correct copy of the foregoing document and the notice of electronic filing will be sent by United States Mail to the following non-CM/ECF participant(s):

Augustus C. Romain, Jr.
Inmate ID: 54801510
Citrus County Detention Facility
2604 W Woodland Ridge Dr.
Lecanto, FL 34461

                    */s/ Daniel J. Marcet*
                    Daniel J. Marcet
                    Assistant United States Attorney
                    Florida Bar No. 0114104
                    400 N. Tampa St., Ste. 3200
                    Tampa, FL 33602-4798
                    Telephone: (813) 274-6000
                    E-mail: Daniel.Marcet@usdoj.gov